**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-21315
Summary Calendar

_____

CHARLES W. TAYLOR, JR.,

Plaintiff-Appellant,

versus

COASTAL SECURITIES, LTD,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
(Civil Action No. H-00-3156)

_____

July 12, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Taylor became a vice president in the public finance department of Coastal Securities, L.P. ("Coastal") in August 1999. David Holland, a partner and Senior Vice President of Coastal, hired Taylor with the approval of Dwight Whitehead, President and CEO of Coastal. Taylor was expected to help maintain existing accounts and to generate new revenue either by increasing the value

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

of existing contracts or securing new clients. Taylor failed to bring in any new revenue during his employment. Taylor was Coastal's only African-American banker.

In February 2000, Coastal's human resources manager informed Holland that a female employee had been offended by a comment Taylor made comparing the strawberries on a cake to a woman's nipples. The employee also reported being offended by Taylor's behavior on two other occasions. With Whitehead's approval, Holland terminated Taylor's employment the day after hearing about the employee's allegations. Both Holland and Whitehead testified that Taylor's alleged questionable behavior, some of which Taylor admits should cause a company to fire an individual, was not the reason for the termination but rather merely played into the timing of the decision. Holland and Whitehead further testified that Taylor's failure to produce any revenue and his insufficient prospects for production were the reasons for his termination.

Taylor filed suit against Coastal, claiming race-based discrimination. The district court considered Taylor's federal claim that Coastal violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and his state claims that Coastal violated the Texas Commission on Human Rights Act ("TCHRA") and committed the tort of intentional infliction of emotional distress. The district court granted Coastal's motion for complete summary judgment on each of the claims.

Taylor appeals the grant of summary judgment on his discrimination and intentional infliction of emotional distress claims as well as the district court's decision to exclude certain portions of Taylor's affidavit testimony. We review the grant of summary judgment de novo, Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994), and the exclusion of evidence for abuse of discretion. St. Romain v. Industrial Fabrication and Repair Services, 203 F.3d 376, 381 (5th Cir. 2000).

Taylor claims that the district court abused its discretion when it excluded three portions of Taylor's affidavit testimony. The district court struck the fifth and eighth sentences in paragraph two of Taylor's affidavit for demonstrating a lack of personal knowledge and a basis in hearsay and thus failing to comply with Rule 56(e). The district court also struck paragraph nineteen of Taylor's affidavit for improperly contradicting his prior deposition testimony.

The fifth sentence of the affidavit reads: "After Mr. Hoopes and Mr. Howell left Coastal I was hired to save their accounts." The eighth sentence reads: "Mr. Hoopes and Mr. Howell accepted employment with competitors of Coastal, and were attempting to encourage the customers with whom they had developed relationships while employed by Coastal to shift their business to new employers." Having carefully reviewed the record and these sentences in context, we rule that the district court did not abuse

3

its discretion in determining that the statements lack personal knowledge and are based in hearsay.

The district court struck paragraph nineteen for improperly contradicting Taylor's prior deposition testimony. In his deposition Taylor testified that the only physical symptom of the distress he suffered due to his termination was sleep loss and scoffed at the notion that he may have been treated for a psychological or emotional problem. In a subsequent affidavit Taylor claimed that after his termination he suffered from depression, appetite loss, humiliation, and sleeping problems. The district court called the affidavit testimony "self-serving" and found it inadmissible due to its inconsistency with Taylor's earlier deposition. See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony."). The district court did not abuse its discretion in ruling that the affidavit did not supplement but rather was inconsistent with the earlier deposition.

Even if admitted, paragraph nineteen would not alter the emotional distress ruling. Texas takes a strict approach to intentional infliction of emotional distress. See GTE Southwest, Inc. v. Bruce, 998 S.W.2d 605, 612 (Tex. 1999). Taylor's situation is not one of the unusual and extreme circumstances where Texas

4

allows such a claim.  Id. at 613.

Taylor has further failed to produce evidence that the legitimate non-discriminatory reasons Coastal presented for Taylor's termination, lack of revenue production and insufficient prospects for production, were a pretext for discrimination. Taylor has not put forth evidence that he was treated any differently than other employees in his position.

Having carefully reviewed the record and read the briefs, we AFFIRM the district court's grant of summary judgment on the discrimination and emotional distress claims for essentially the reasons stated in that court's opinion.  We also AFFIRM the court's decision to exclude portions of the affidavit.